### Noe *v.* The State, 4 Howard, 330.

#### Retailing Without License.

The indictment in this case is substantially the same as that in the case of Kliffield, decided in this court, containing three counts, two of which are good and one bad.    Our opinion in that case is applicable to this.    See Kliffield v. The State, ante, p. 304.    There being two good counts, it is sufficient to warrant the conviction.

The continuance of a cause is a matter in the sound discretion of the court; and putting the prisoner upon his trial for violating a penal statute at the same term of the court at which the indictment has been found against him, is not ground of error.

Mere impressions as to the guilt or innocence of the prisoner do not disqualify one as a juror.    To *disqualify*, the juror must have formed and expressed an opinion, or have such acknowledged prejudice or bias, as would render him incapable of doing justice, according to the evidence, between the state and the accused.

Error to Jefferson criminal court.

*Saunders* for plaintiff in error.

*Thomas F. Collins,* attorney general.

Turner, J. :

The plaintiff in error was indicted, tried and convicted under the statute commonly called the gallon law, and received the sentence of the court at the December term, 1839.

The plaintiff in error assigned the following errors, to wit :

1. The criminal court erred in refusing to the prisoner a new trial as prayed for.

2. The court below erred in overruling the challenge of the prisoner to the juror, Lewis C. Watson.

3. The court below erred in compelling the prisoner to submit to a trial at the term of the court at which the indictment is supposed to be found.

4. The indictment is wholly defective in substance, and each order and judgment in the cause is unlawful and defective.

The record in this case contains an indictment of three counts, substantially the same as those contained in the case of the State v. George H. Kliffield, already decided in this court, and the same opinion is entertained by this court in this as in that case, as to the form and substance of the indictment. The two first counts are considered good; third, bad. But, as already decided, if there is one good count in an indictment consisting of several counts, it is sufficient to warrant a conviction. We therefore find nothing in the fourth error assigned to warrant a reversal of the judgment as it respects the indictment; and we have not found any "order or judgment in the record either unlawful or defective."

It seems that the indictment was found at the same term at which the defendant was arrested, tried and convicted, and this is assigned for error. There is no law or usage against such a proceeding. The defendant below moved for a continuance, but did not succeed in satisfying the judge that justice required a continuance of the cause. A continuance of a cause ready for trial is a matter in the discretion of the court, and it is not the subject for a writ of error or an appeal. Such a matter cannot be re-examined in an appellate court. But if it could, the affi davit for a continuance is wholly insufficient, in not showing due diligence to procure the testimony of the witnesses, and in not stating that he expected to procure the attendance of the witnesses at the next term.

The 2d error assigned is for overruling the challenge of the appellant to the juror S. C. Watson.

It appears by the bill of exceptions that this juror was chal-

lenged for cause, and being examined on oath stated " that he had not formed or expressed any opinion as to the guilt or innocence of the defendant, that in the case of the State v. George H. Kliffield, indicted for the same offense, and just tried in this court, he heard the testimony of the witnesses, which created an *impression* upon his mind as to the guilt or innocence of the defendant in this case, the witness therein speaking of the defendant in this case as to his connection with the said Kliffield, which it would require testimony to remove, but that he believed he could impartially decide between the State and the defendant, or that he had no settled or fixed opinion," whereupon the court overruled the objection and permitted the said Watson to be sworn upon the jury.

We do not consider that we should be warranted by the authorities of adjudged cases in deciding that Watson was not an impartial juror.   He says that he had not formed or expressed any *opinion*, etc., but that being a listener in court, he heard evidence given in another case which made an *impression* on his *mind*, which it would require testimony to remove, but that he believed he could impartially decide, etc., etc., that he had no settled or fixed opinion.   Slight impressions made on the mind, in this way, are of such common occurrence, that it cannot be considered as disqualifying a juror.   To *disqualify*, the juror must have formed and expressed an opinion, or have such acknowledged prejudice or bias as would disable him from doing justice, according to the evidence, between the state and the accused.   If this were a capital case, the question might be different.

There is nothing in the case to show that the first error assigned should prevail ; that the court overruled a motion for a new trial.   The evidence given in the case is not embodied in the record.

With respect to the legislative act in question, we consider that there is no constitutional difficulty.   The provisions of that law are such as the General Assembly are entirely competent to enact.   They are the peculiar judges of the acts necessary to promote public order, public morals, and the public good.

Let the judgment of the court below be affirmed.